IDA BERGMAN, RESPONDENT, v. ABRAHAM S. GINSBURG, APPELLANT.

Submitted May 26, 1928—Decided October 15, 1928.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *Nathan Erlich.*

The opinion of the court was delivered by

LLOYD, J. The present appeal is by the defendant from a judgment rendered against him in the Circuit Court of Essex county. The recovery represented damages for personal injuries sustained by the plaintiff in a collision between a truck in which the plaintiff was riding and an automoble driven by the defendant.

The grounds of the appeal are that the trial judge committed error in his instructions to the jury in the following

respects: (1) In charging that "in the operation of the feet on the brake and clutch, you may find that the sense of feeling has something to do with the way a car is operated, at least by an expert;" (2) in charging the provision of the Traffic act of 1915 (chapter 156, part 2, paragraph 2 as amended in 1921; chapter 208, section 15, paragraph 1) that the operator of an automobile shall drive on the right-hand side of the highway; (3) in charging that the plaintiff could "recover any pecuniary losses which she has sustained by reason of her inability to attend to her business or the pecuniary loss sustained if she gave the business up and if her abandonment was naturally and proximately caused by the negligence of the defendant."

We think the learned trial judge properly instructed the jury in all of the portions of the charge complained of. The first was but calling the attention of the jury to the use of the sense of feeling in operating a car, a fact which is certainly within the common knowledge of a juror. It is idle to suggest that the sense of touch is without value in any physical manipulation of machinery.

The criticism of the second portion of the charge is that it omitted to incorporate the entire language of the section of the act which imposes the duty to drive on the right side of the center of the road only when the improved portion of the highway permits. The court was at the time stating the general duty of one using the highway, and not attempting to deal with special circumstances which might modify that duty. No request was made that the exception be called to the attention of the jury, nor was any criticism made at the time that the court had failed to use the language it is now claimed should have been charged.

The complaint regarding the final portion of the charge is that the court did not further instruct the jury as to the duty of the plaintiff to use all reasonable efforts to lessen the damages she might have sustained. Here, again, there was no request for such instruction, and what the court did say was an accurate statement of the law as applied to the facts in the case.

The judgment is affirmed.

206

For affirmance—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.

For reversal—None.